UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMIEN SAVAGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-281** |
| **EDWARD DUSTIN BICKHAM, WARDEN** | **SECTION "A"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.     Factual Background**

The petitioner, Damien Savage ("Savage"), is a convicted inmate incarcerated in the Rayburn Correctional Center, in Angie, Louisiana.  On May 18, 2011, Savage was charged in Jefferson Parish with six counts of armed robbery in violation of La. Rev. Stat. § 14:64.3.[2] The

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] St. Rec. Vol. 1 of 12, Bill of Information, 5/22/11.  Co-defendant Jonathan Isaac was also charged in five counts of the information.

bill of information was corrected on January 7, 2016 to correct the date alleged in count five.[3] Savage entered a plea of not guilty in the case.[4]

The record reflects that a series of robberies occurred in Jefferson Parish businesses from January until March 2011.[5] On January 23, 2011, between 8:00 p.m. and 9:00 p.m., two men, one armed with a gun, entered the Subway restaurant on Barataria Boulevard in Marrero. Jayeshkumar Patel, the manager, was in the restroom. Heather Carmadelle, an employee, was washing dishes. The armed perpetrator ordered Carmadelle to unlock the safe. When Carmadelle explained that she did not have a key, the perpetrators ordered her to open the register and lie down on the floor. The perpetrators took money from the register and left. Patel and Carmadelle were unable to see the perpetrators' faces as they were covered. The robbery was recorded by a surveillance camera.

On March 6, 2011, the Subway restaurant was robbed for a second time. Patel and another employee, Ashley Arthur, were working when two black men armed with gun entered the restaurant. One of the perpetrators told Patel to open the register or he would kill him. The perpetrators took Arthur's purse as well as money from the cash register and Patel's pocket. During their investigation, officers discovered a Newport brand cigarette outside of the restaurant. DNA analysis revealed that the cigarette butt was consistent with the DNA profile obtained from co-defendant Isaac.sa

After reviewing surveillance footage from the restaurant, Detective Wayne Rumore of the Jefferson Parish Sheriff's Office believed that the two robberies were committed by the same

---

[3] St. Rec. Vol. 1 of 12, Amended Bill of Information, 1/7/16.

[4] St. Rec. Vol. 1 of 10, Minute Entry, 6/3/11.

[5] The facts were taken from the opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Savage*, 218 So. 3d 714, 717-19 (La. App. 5th Cir. 2017); St. Rec. Vol. 10 of 12, 5th Cir. Opinion, 16-KA-511, pp. 1-5, 4/12/17.

suspects. Detective Rumore noted the similarities between the robberies including that two men, who were fully masked and covered, with semi-automatic pistols entered the business, took over the entire business, and committed a robbery.

On March 13, 2011, two armed men entered through the back door of a Subway restaurant on Jefferson Highway. Dana Rhea and Adrian Labeaud were working at the time. One of the perpetrators ordered Rhea to crawl to the cash register. Rhea opened the register and gave the man the cash. While this occurred, the second perpetrator held a gun to Labeaud's side and ordered him to keep his head down. Labeaud instructed the perpetrators regarding the location of the safe. After the men emptied the money from the safe, they ordered Labeaud and Rhea to crawl to the back of the store and wait.

Deputy Richard Uyeda of the Jefferson Parish Sheriff's Office responded to the third armed robbery. He obtained descriptions of the perpetrators from the victims. A Newport brand cigarette butt was discovered outside of the restaurant. Subsequent DNA analysis revealed that the cigarette butt was consistent with the DNA profile obtained from co-defendant Isaac. Surveillance footage of the robbery depicted similarities to the March 6, 2011 robbery.

On the evening of March 24, 2011, two men robbed the GameStop in Marrero. Nicholas Ramsak, who was working at the time of the robbery, testified that two men, one of whom was armed with a gun, entered the store, demanded the money from both cash registers. The men took the cash, ordered Ramsak to his knees, and then fled. While the perpetrators' faces were covered, Ramsak provided a clothing description of one of the men. Co-defendant Isaac's fingerprints were found on a video gaming accessory cabinet located behind the counter and inaccessible to the public.

Detective Rumore obtained an arrest warrant for Isaac and a search warrant for his residence. Isaac was arrested and a pack of Newport brand cigarettes was recovered at the location of his arrest. A search of Isaac's residence revealed clothing that matched the description of the clothing worn by one of the suspects from several of the robberies.

Isaac's cellular phone was also seized. Isaac's phone records indicated that a phone number registered to Savage's wife, Monique Savage, was contacted frequently around the times of the robberies. Cell phone tower information obtained from Isaac's and Savage's cell phone records placed both phones near the location of the robberies at the times they occurred.

Detective Rumore obtained an arrest warrant for Damien Savage and a search warrant for his residence. At the time of execution of the warrant, Savage signed a consent form authorizing the police to search his car. A search of Savage's residence and vehicle revealed a Polo cap, a Polo jacket, a White Sox cap, white Nike tennis shoes, and t-shirts similar to those worn by the perpetrators in the surveillance videos.

After his arrest, Savage was transported to the investigations bureau to be interviewed. After being advised of his rights, Savage gave a series of three statements, in which he admitted to committing the armed robberies after being confronted with the clothing seized and the surveillance videos from the robberies.

At trial, Savage denied his involvement in the robberies. He testified that he denied any involvement in the robberies when he was taken in for questioning. Savage claimed that Lieutenant Russo became aggressive and threatened to contact Savage's wife's employer to inform him of a pending drug charge. Savage claimed that things began to "escalate" between him and Lieutenant Russo, and eventually Lieutenant Russo grabbed his clothing to "rough [him] around a little bit." Savage claimed that his statements admitting involvement in the robberies are not true

and that he was threatened into making the statements. He claimed that the only reason he admitted to the robberies was to protect his family. Savage also testified that he began to experience heroin withdrawals during his interview at the investigations bureau.

Both Lieutenant Russo and Detective Rumore testified on rebuttal. They both denied any physical contact with Savage. They also both denied threatening him to make him confess.

Savage was tried by a jury on February 16 through 19, 2016, and was found guilty as charged.[6] On February 25, 2016, the Trial Court denied Savage's motions for new trial.[7] On that same day, the Trial Court sentenced Savage to 55 years imprisonment without the benefit of probation, parole or suspension of sentence and a five year enhancement as to each count to be served consecutively to the 55 year sentence.[8]

On direct appeal, Savage's appellate counsel filed a brief raising a claim that the Trial Court erred in denying his challenge for cause as to prospective juror Marshall Breedlove.[9] Savage filed a pro se brief raising the following claims for relief: (1) the Trial Court erred in denying his motion to suppress statements and (2) the Trial Court erred in denying his motion to suppress the evidence obtained as a result of the exigent circumstances form.[10]

---

[6]St. Rec. Vol. 1 of 12, Trial Minutes, 2/16/16; Trial Minutes, 2/17/16; Trial Minutes, 2/18/16; Trial Minutes, 2/19/16; Verdict, 2/19/16; St. Rec. Vol. 6 of 12, Trial Transcript, 2/16/16; St Rec. Vol. 7 of 12, Trial Transcript, 12/16/16; St. Rec. Vol. 8 of 12, Trial Transcript, 2/17/16; St. Rec. Vol. 9 of 12, Trial Transcript, 2/19/16; St. Rec. Vol. 10 of 12, Trial Transcript (con't), 2/19/16.

[7]St. Rec. Vol. 1 of 12, Sentencing Minutes, 2/25/16; Order, 2/25/26; Motion for New Trial, 2/25/16; St. Rec. Vol. 10 of 12, Sentencing Transcript, 2/25/16.

[8]St. Rec. Vol. 1 of 12, Sentencing Minutes, 2/25/16; Uniform Commitment Order, 2/25/16; St. Rec. Vol. 10 of 12, Sentencing Transcript, 2/25/16.

[9]St. Rec. Vol. 10 of 12, Appellate Brief, 16-KA-511, 9/15/16.

[10]St. Rec. Vol. 10 of 12, Supplemental Pro Se Brief, 16-KA-511, 11/23/16 (dated 11/18/16).

On April 12, 2017, the Louisiana Fifth Circuit affirmed the convictions and sentences finding that the Trial Court did not abuse its discretion in denying his challenge for cause as to Breedlove, and no error by the Trial Court in denying his motions to suppress.[11] On June 1, 2018, the Louisiana Supreme Court issued a denial without stated reasons of the related writ application.[12] Savage's convictions and sentences were final 90 days later, on August 30, 2018, because he did not file for review with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

On August 26, 2019, Savage filed a pro se application for post-conviction relief asserting the following claims for relief: (1) ineffective assistance of counsel in failing to suppress evidence obtained as a result of an exigent circumstances form; (2) ineffective assistance of counsel in failing to suppress the Jefferson Sherriff Parish Office field interview card; (3) the Trial Court erred in allowing unprivileged hearsay evidence relative to the field interview card; (4) ineffective assistance of counsel in failing to challenge a juror for cause; and (5) ineffective assistance of counsel in failing to object to the venire.[13] On that same date, counsel for Savage sought 60 days to supplement the pro se application.[14] On August 29, 2019, the Trial Court granted leave to supplement the petition within 60 days from the order.[15]

---

[11]*State v Savage,* 218 So. 3d 714, 719-28; St. Rec. Vol. 10 of 12, 5th Cir. Opinion, 16-KA-511, at pp. 5-21, 4/12/17.

[12]*State v. Savage*, 243 So. 3d 1063 (La. 2018); St. Rec. Vol. 12 of 12, La. S. Ct. Order, 2017-KO-1083, 6/1/18; La. S. Ct. Writ Application, 17 KO 1083, 6/28/17 (dated 5/12/17).

[13]St. Rec. Vol. 2 of 12, Initial Application for Post-Conviction Relief, 8/26/19.

[14]St. Rec. Vol. 2 of 12 , Motion for Leave to Supplement and Motion to Reset Postconviction Dates, 8/26/19.

On October 29, 2019, counsel for Savage mailed a supplemental memorandum which was received by the Trial Court on October 31, 2019.[16] Savage's counsel raised the additional following claims for relief: (1) cell phone records should have been suppressed; (2) the non-unanimous jury verdict was unconstitutional; (3) ineffective assistance of counsel for failing to object to the firearm enhancement; and (4) ineffective assistance of appellate counsel.

On January 6, 2020, the Trial Court denied the application.[17] The Trial Court found that the first two claims of Savage's original application were procedurally barred by La. Code Crim. P. art. 926.[18] The Trial Court found Savage's third claim relating to hearsay evidence procedurally barred pursuant to La. Code Crim. P. 930.4.[19] The Trial Court further found Savage's original fourth and fifth claims without merit.[20] Finally, the Trial Court found that the supplemental claims were untimely and therefore procedurally barred.[21]

The Louisiana Fifth Circuit denied Savage's related writ application.[22] The court found that Savage's first claim was procedurally barred pursuant to La. Code Crim. P. 930.4(A) as it was fully litigated on appeal.[23] The court found no error in the Trial Court's rulings as to the remaining

---

[15] St. Rec. Vol. 2 of 12, Order, 8/29/19.

[16] St. Rec. Vol. 2 of 12, Supplemental Memorandum in Support of Petitioner's Application for Post-Conviction Relief, 10/31/19.

[17] St. Rec. Vol. 2 of 12, Order, 1/6/20.

[18] *Id.*, at p. 1.

[19] *Id.*, at p. 2.

[20] *Id.*

[21] *Id.*

[22] St. Rec. Vol. 11 of 12, 5th Cir. Order, 20-KH-103, 4/28/20; 5th Cir. Writ Application, 20-KH-103, 3/6/20.

[23] *Id.*, at p. 3.

claims.[24] The Louisiana Supreme Court denied Savage's related writ application finding he failed to show he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and that he failed to satisfy his post-conviction burden of proof pursuant to La. Code Crim. P. 930.2.[25]

## II.  Federal Habeas Petition

On February 5, 2021, Savage filed his original petition for federal habeas corpus.[26] Savage raises the following claims for relief: (1) ineffective assistance of counsel for failing to suppress evidence obtained as a result of the exigent circumstances form; (2) ineffective assistance of counsel for failing to move to suppress the Jefferson Parish Sherriff's Office field interview card and its contents; (3) the Trial Court erred in allowing unprivileged hearsay evidence relative to the JSPO field interview card; (4) ineffective assistance of counsel for failing to challenge for cause one of the jurors; (5) ineffective assistance of counsel for failing to object the venire.[27] Savage filed additional exhibits in support of his petition.[28]

The State filed a response claiming that Savage's petition is untimely and that his claims are not cognizable on collateral review or procedurally barred.[29] Savage did not file a traverse.

---

[24]*Id.*, at pp. 6-10.

[25]*State ex rel. Savage v. State*, 309 So. 3d 328 (La. 2021) (per curiam); St. Rec. Vol. 12 of 12, La. S. Ct. Order, 2020-KP-00599, 1/26/21; La. S. Ct. Writ Application, 20 KP 599, 5/26/20.

[26]Rec. Doc. No. 1.

[27]Rec. Doc. No. 1, pp. 5-9.

[28]Rec. Doc. 6.

[29]Rec. Doc. No. 16.

### III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[30] applies to this petition, which was filed in this Court under the mailbox rule on February 5, 2021.[31] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record shows that Savage's federal petition was not timely filed under the AEDPA. Alternatively, the State asserts federal habeas relief is not available for Savage's Fourth Amendment claims under the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976).[32] It further claims that some of Savage's claims are procedurally barred under La. Code Crim. P. art. 926(B)(3) as well as by Fed. R. Crim. P. Rule 2(C)(2). The State further asserts that claim three related to the admission of hearsay evidence is procedurally barred pursuant to La. Code

---

[30]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[31]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Savage signed his pleadings on February 5, 2021 which the earliest date Savage could have given his petition to prison officials for mailing.

[32]In *Stone*, the Supreme Court held that federal habeas corpus relief may not be granted on the basis that evidence obtained in an unlawful search or seizure was used at trial when the state courts have provided the petitioner an opportunity fully and fairly litigate his Fourth Amendment claim. *Stone*, 428 U.S. at 494.

Crim. P. art. 930.4. The State also claims that Savage's counseled supplemental claims raised in his application for post-conviction relief are procedurally barred. For the following reasons, his petition should be dismissed as time barred.

## IV.     Statute of Limitations

The AEDPA codified in 28 U.S.C. § 2244(d)(1)(A) requires a petitioner to bring his § 2254 claim within one year of the date the state court conviction became final.[33] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As stated above, Savage's conviction was final under federal law on August 30, 2018. Pursuant to § 2244, Savage had one year from that date, or until August 30, 2019, to timely file a federal petition for habeas corpus relief, which he did not do. Thus, literal application of the statute would bar Savage's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

---

[33] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> >
> > C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A. **<u>Statutory Tolling</u>**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state court pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above with the exception of when Savage was represented by counsel.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.' " *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a

11

challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In Savage's case, the AEDPA filing period began to run on August 31, 2018, the day after his conviction was final under federal law. While counsel for Savage mailed the pro se application for post-conviction relief from his law office on August 21, 2019,[34] the mailbox rule applies only if an inmate relies on the prison mail system for mailing items to a court. Rule 3(d), Rules Governing Section 2254 Cases; *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994) ("use of an unknown agent does not trigger the *Houston* exception ... limited to filings with prison officials, over whom a prisoner has no control."). Therefore, the period continued to run without interruption from that date for 360 days, until August 26, 2019, when Savage's post-conviction application was received by the Trial Court. The one-year limitations period remained tolled during the pendency of that proceeding until January 26, 2021, when the Louisiana Supreme Court denied the related writ application.

The AEDPA one-year limitations period began to run again the next day, January 27, 2021, and did so for the remaining five days, until Monday, February 1, 2021 when it expired. Savage

---

[34] *See* St. Rec. Vol. 2 of 12, Attorney Letter to Clerk of Court, 8/21/2019; Envelope, 8/22/19.

12

had no properly filed state post-conviction or other collateral review pending in any court during that period. Savage did not file his federal petition under the mailbox rule until February 5, 2021.

Therefore, Savage's federal petition, filed under the mailbox rule on February 5, 2021, was filed four days after the AEDPA filing period expired on February 1, 2021. His untimely federal petition should be dismissed with prejudice unless he meets another exception or excuse to the running of the AEDPA limitations period.

### B.    No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling of the AEDPA limitations period where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). However, equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary circumstance outside of his control from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *see Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner

diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's seventeen-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period). A habeas petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Savage has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling. While his attorney submitted an untimely supplemental memorandum addressing Savage's pro se claims as well as new claims for post-conviction relief, a garden variety claim of excusable neglect by a petitioner's attorney does not support a claim for equitable tolling. *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Further, the United States Fifth Circuit Court of Appeals has long held that such error or neglect by an attorney does not alone warrant equitable tolling of the AEDPA's limitations period. *Cousin,* 310 F.3d at 848–49; *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.2002) ("If there was ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in

*Cousin* ... erased it...."). There is no indication that Savage's post-conviction counsel's failure to timely file a supplemental memorandum amounted to anything more than a simple miscalculation. It is clear that mere neglect and negligence simply do not qualify as an "extraordinary circumstance" warranting equitable tolling. Courts have continued to adhere to that general rule in the post-*Holland* era. *See, e.g.*, *Rivas v. Fischer*, 687 F.3d 514, 538 (2nd Cir.2012) ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. Rather, in order to rise to the level necessary to constitute an extraordinary circumstance, for purposes of tolling § 2254's limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." (citation and quotation marks omitted)); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir.) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction because in practically every case where there is a failure to meet the filing deadline an attorney is at fault."); *Brown v. Thaler*, 455 F. App'x 401, 407 (5th Cir.2011) ("For attorney error to justify equitable tolling, the professional mistake must amount to egregious behavior and create an extraordinary circumstance. A garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (citation, quotation marks, and brackets omitted)); *Wisenbaker v. Farwell*, 399 F. App'x 192, 194-95 (9th Cir.2010) ("While [petitioner's former attorney] did give [petitioner] erroneous information about when the AEDPA statute of limitations would expire, such a garden variety claim of excusable neglect does not warrant equitable tolling.").

Further, after his counsel assisted him in exhausting his state court remedies, Savage still had five days to file his habeas petition. As the Fifth Circuit has explained, equitable tolling is warranted "only in situations where 'the [petitioner was] actively misled ... or [was] prevented in some extraordinary way for asserting his rights." *Cousin*, 310 F.3d at 848 (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir.1999). Savage's counsel's delay here does not meet that standard since Savage was given the opportunity to file his federal habeas petition with five days remaining before the limitations period expired on his claims.

The fact that Savage is not educated in the law or is acting on his own behalf also does not warrant equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 316–17 (5th Cir. 2013); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) ("[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (prisoner's pro se status and lack of knowledge of filing deadline did not warrant equitable tolling). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Finally, Savage's own delay in filing for state court post-conviction and federal habeas relief does not indicate due diligence or grounds for equitable tolling. *North v. Davis*, 800 F. App'x 211 (5th Cir. 2020) (petitioner's eleven (11) month delay in seeking state post-conviction relief weighs against a finding of diligence); *Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where petitioner waited seven months to file state post-conviction application).

Savage is not entitled to equitable tolling, and his petition should be dismissed as untimely filed.

### C. No Other Excuse or Exception to Time Bar

Savage has urged no other excuse or exception to avoid the expiration of the one-year AEDPA limitations period in this case, and his petition must be dismissed as untimely. He has not alleged, asserted, nor provided a credible showing of his actual, or factual, innocence based on newly discovered evidence in any way to excuse this untimely filed federal habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324). No such claim or high-level of proof has been offered to this Court, nor has any such claim been established or exhausted in the state courts.

The fact that Savage has asserted ineffective assistance of counsel claims does not provide an exception to his untimely federal filing. The United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), and their progeny, simply do not provide a basis for review of an untimely filed federal petition. In *Martinez*, the Court held that *a state court imposed* " 'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 569 U.S. at 417 (quoting *Martinez*, 566 U.S. at 17). This case, however, is not based on a state-imposed bar to review.

Instead, the bar at issue in this federal court arises from Savage's failure to meet the *federal* limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do *not* address or

provide an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report). These cases also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA. *See In re Paredes*, 587 F. App'x at 813; *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Thus, neither *Martinez* nor *Trevino* excuse the untimely filing of Savage's federal petition.

Savage's federal petition deemed filed on February 5, 2021, was not timely filed within the one-year AEDPA statute of limitations period which expired on February 1, 2021. There is no statutory tolling, equitable tolling, or other exception applicable to or that would excuse his untimely filing. Savage's petition was not timely filed and should be dismissed for that reason.

## V.  Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Damien Savage's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[35]

New Orleans, Louisiana, this 26th day of August, 2021.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[35] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.